JUDGE CEDARBAUM     11 CV 0198

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VRG LINHAS AÉREAS S.A., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MATLINPATTERSON GLOBAL ) <br> OPPORTUNITIES PARTNERS II L.P., and ) <br> MATLINPATTERSON GLOBAL ) <br> OPPORTUNITIES PARTNERS (CAYMAN) ) <br> II L.P., ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. _____  |

**VERIFIED PETITION TO CONFIRM ARBITRATION
AWARD AND FOR AN ENTRY OF JUDGMENT**

Petitioner VRG Linhas Aéreas S.A. ("VRG"), by and through its undersigned counsel Quinn Emanuel Urquhart & Sullivan LLP, petitions for the relief requested herein and says:

**PARTIES**

1. Petitioner VRG is a Brazilian corporation with its principal place of business in São Paulo, Brazil. VRG is the universal successor under Brazilian law of GTI S.A., which was merged into VRG. GTI S.A. was, and VRG is, a wholly-owned subsidiary of Gol Linhas Aéreas Inteligentes S.A. ("Gol"), a Brazilian corporation with its principal place of business in São Paulo, Brazil. VRG was the plaintiff in an arbitration (the "Arbitration") conducted before the ICC International Court of Arbitration (the "Arbitration Court") and captioned *VRG Linhas Aéreas S.A. (universal successor to GTI S/A) (Brazil) v. Varig Logística SA (Brazil), Volo do*

1

*Brasil SA (Brazil), Volo Logistics LLC (U.S.A.), MatlinPatterson Global Opportunities Partners II L.P. (U.S.A.), and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (U.S.A.)*, Case No. 15372/JRF, and owns all right, title, and interest in the arbitral award (the "Award") rendered in that case.

2. Respondent MatlinPatterson Global Opportunities Partners II L.P. is a Delaware limited partnership with its principal place of business in New York, New York.

3. Respondent MatlinPatterson Global Opportunities Partners (Cayman) II L.P. is a limited partnership organized under the laws of the Cayman Islands with its principal place of business in New York, New York. Respondents are jointly referred to herein as "MatlinPatterson" or the "MatlinPatterson Funds." The MatlinPatterson Funds were defendants in the Arbitration.

## JURISDICTION AND VENUE

4. This Petition seeks confirmation of a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is codified at 9 U.S.C. §§ 201-208. This Court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over the Respondents, which are headquartered in New York and transact a substantial volume of business in the State of New York.

6. Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391 on the grounds that Respondents are headquartered in this District, and have assets in this District.

## FACTUAL BACKGROUND

7.  On March 28, 2007, Varig Logística S.A. and Volo do Brasil S.A., as sellers, and GTI S.A., as purchaser, entered into an Agreement for the Purchase and Sale of the Shareholding Control of VRG Linhas Aéreas S.A. (the "Agreement"). The Agreement provided for the sale of 100% of the issued shares of VRG by the MatlinPatterson Funds to GTI S.A. The MatlinPatterson Funds signed an amendment to the Agreement on March 28, 2007, thereby accepting the terms of the Agreement.

8.  The Agreement contained an arbitration clause submitting any dispute arising under or in connection with the Agreement to arbitration in São Paulo, Brazil, under the then-current Dispute Resolution Rules of the ICC International Court of Arbitration.

9.  A dispute arose between Petitioner and various defendants, including Respondents, concerning the price adjustment provisions of the Agreement. Under the Agreement, the purchase price would was subject to a post-closing adjustment in the event of any inaccuracy found in a simplified statement of specified assets and liabilities dated as of March 15, 2007, which was attached to the Agreement and was represented to have been reviewed by PricewaterhouseCoopers ("PwC").

10. The price adjustment provisions of the Agreement called for a new, audited balance sheet of VRG, dated as of March 15, 2007, to be prepared by the sellers within 180 days of the sale. Petitioners were entitled to dispute the revised balance sheet by engaging a second auditing firm to confirm or rebut the revised balance sheet. In the event of a dispute regarding the revised, audited balance sheet, the first and the second auditing firm were to select a third firm to resolve their mutual disagreements. Once the revised balance sheet had been finally determined or agreed, the purchase price would be increased or decreased to reflect the net

difference between (1) the specified assets and liabilities as stated in the attachment to the Agreement and (2) the actual assets and liabilities as ascertained by the price adjustment process.

11. The end result would be that, if VRG had lesser assets and greater liabilities as of March 15, 2007 than had been represented to GTI, then the sellers would pay back to GTI the net amount of such increase in liabilities and decrease in assets. Conversely, if VRG had greater assets and lesser liabilities as of March 15, 2007, then GTI would pay a supplemental purchase price installment reflecting such net difference between actual and stated assets and liabilities.

12. The sellers produced a revised balance sheet that had been subjected to agreed-upon procedures by PwC. GTI disputed the revised balance sheet and engaged the accounting firm Ernst & Young to review the balance sheet in detail and prepare a critique of PwC's report.

13. The price adjustment process was halted when PwC refused to cooperate with Ernst & Young in appointing a third auditing firm to resolve the firms' dispute regarding VRG's balance sheet on the grounds that the sellers had not engaged PwC for that task.

14. On or about January 2, 2008, VRG filed a Request for Arbitration with the ICC, seeking to install an arbitral tribunal to complete the price adjustment process and issue an award against the named respondents, including the MatlinPatterson Funds.

15. On or about February 1, 2008, the MatlinPatterson Funds filed an objection to jurisdiction with the Arbitration Court. The MatlinPatterson Funds also attempted to stay the arbitration proceedings in New York state court. Following removal to federal court, the MatlinPatterson Funds on or about October 27, 2008 filed a motion for voluntarily dismissal of their action to stay the arbitration proceedings.

16. The ICC decided that it would appoint the three members of the Arbitral Tribunal and would disallow any party-appointed arbitrator. On May 16, 2008, the three-member arbitral

tribunal (the "Arbitral Tribunal") was seated, consisting of Gustavo José Mendes Tepedino, Pedro Antônio Batista Martins, and the President, Juan Fernández-Armesto.

17. The Arbitral Tribunal, in Procedural Order No. 2, determined that it would determine the issue of its jurisdiction over the claims against the MatlinPatterson Funds prior to issuing a decision on the merits. After full briefing by the parties on the jurisdictional question, the Arbitral Tribunal held a hearing on the issue of jurisdiction on December 15 and 16, 2008. On April 7, 2009, in its Partial Award, the Arbitral Tribunal concluded that the MatlinPatterson Funds had voluntarily submitted to a valid arbitration agreement encompassing the subject matter of the arbitration.

18. Following the Arbitral Tribunal's determinations regarding several procedural and discovery issues, Petitioners and Respondents were invited to submit written submissions regarding the merits of the claim (i.e., the exact amount of the price adjustment) and the issue of the liability of the MatlinPatterson Funds for the price adjustment payment. On June 8, 2010, VRG (as the successor to GTI), filed its submissions on the merits and the issue of the liability of the MatlinPatterson Funds. On August 10, 2009, the MatlinPatterson Funds and other defendants presented their written documents on the merits and the issue of the liability of the MatlinPatterson Funds. The MatlinPatterson Funds' co-respondents also submitted a report of their expert witness.

19. On September 9, 10, and 11, 2009, the Arbitral Tribunal conducted an evidentiary hearing in São Paulo and heard live testimony from the two expert witnesses and eight percipient witnesses. The Arbitral Tribunal also received testimony on written deposition from one additional percipient witness. At the evidentiary hearing, the Arbitral Tribunal reviewed the major, disputed line items of the statement of specified assets and liabilities with the two expert

witnesses and requested additional work by both expert witnesses. Both experts submitted supplemental expert reports on November 17, 2009.

20. On January 7, 2010, the parties presented their final written allegations to the Arbitral Tribunal.

21. Following several extensions of the term for issuance of a final award, the Arbitral Tribunal issued its 142-page unanimous final award (the "Award") on September 2, 2010. In the Award, the Arbitral Tribunal awarded VRG (i) the amount of R$92,987,672 (Brazilian currency) as price adjustment; (ii) interest at the [SELIC] rate from December 31, 2007 until full payment of the award; and (iii) R$2,099,711 (Brazilian currency) in arbitration costs (subject to a refund of arbitration costs in the amount of R$145,073 (Brazilian currency) owed by VRG). The Arbitral Tribunal further determined that the MatlinPatterson Funds are liable, jointly and severally, for the payments of all amounts awarded to VRG, on the grounds that the senior representative of the MatlinPatterson Funds committed a fraud on the Petitioners by deliberately falsifying the assets and liabilities of VRG as of March 15, 2007. The total amount due to VRG under the Award is R$94,942,310, plus interest.

22. On October 14, 2010, Varig Logística S.A. sought clarification of the Award. On January 3, 2011, the Arbitral Tribunal issued a supplemental award (the "Supplemental Award"), in which it rejected Varig Logistica S.A.'s request for clarification in its entirety and confirmed the September 2, 2010 Award. Petitioner received a copy of the Arbitral Tribunal's Supplemental Award on January 10, 2011.

23. No prior applications for similar relief have been sought or issued in this action.

## RELIEF

WHEREFORE, Petitioner VRG moves this Court for an Order:

a. Confirming the Award issued by the Arbitral Tribunal;

b. Entering judgment in conformity with the terms of the Award for R$95,087,383(the base amount of the award, including the net arbitration costs awarded to Petitioner in the Award);

c. Granting Petitioner all applicable interest accrued to date;

d. Awarding Petitioner its costs and attorneys' fees; and

e. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 10, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
Richard I. Werder, Jr. (RW-5601)
rickwerder@quinnemanuel.com
Elizabeth M. Devaney (LD-9016)
elizabethdevaney@quinnemanuel.com

51 Madison Avenue
22nd Floor
New York, New York 10010
Phone: (212) 849-7000
Fax: (212) 849-7100

Attorneys for Petitioner

State of New York    )
                     ):ss
County of New York   )

Richard I. Werder, Jr., being duly sworn, states that he is an attorney for the Petitioner in this action and that the foregoing Petition is true to his own knowledge, except as to matters therein stated on information and belief and so to those matters he believes to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by the Petitioner and discussions with an officer of the Petitioner and Petitioner's Brazilian counsel; and that the reason why the verification is not made by the Petitioner is because the Petitioner is a foreign corporation.

Dated: January 10, 2011
       New York, New York

_____
Richard I. Werder, Jr.

Sworn to before me this
10th day of January, 2011

PATRICIA E. BOSTIC
Notary Public, State of New York
No. 24-4963620
Qualified in Kings County
Commission Expires March 12, 2014

_____
Notary Public