```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
VRG LINHAS AÉREAS S.A.,

                    Petitioner,    OPINION
     -against-
                                   11 Civ. 0198 (MGC)

MATLINPATTERSON GLOBAL OPPORTUNITIES
PARTNERS II L.P., and MATLINPATTERSON
GLOBAL OPPORTUNITIES PARTNERS (CAYMAN)
II L.P.,

                    Respondents.

-----------------------------------X
APPEARANCES:

        DEBEVOISE & PLIMPTON, LLP
        Attorneys for Petitioner
        919 Third Avenue, 31st Floor
        New York, NY 10022

        By: Donald Francis Donovan, Esq.
            Amanda Dimauro Zakowich., Esq.
            Carl Micarelli, Esq.

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        Attorneys for Petitioner
        51 Madison Avenue
        New York, NY 10010

        By: Richard Irving Werder, Jr., Esq.

        SIMPSON THACHER & BARTLETT LLP
        Attorneys for Respondents
        425 Lexington Avenue
        New York, NY 10017

        By: Tyler Brooks Robinson, Esq.
            Michelle Hertz, Esq.
            Robert H. Smit, Esq.
            Joshua Slocum, Esq.
```

**Cedarbaum, J.**

  VRG Linhas Aereas S.A. ("VRG") filed a petition with this Court to confirm an arbitration award against MatlinPatterson Global Opportunities Partners II LP and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (collectively "MatlinPatterson") in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-08.  I denied that petition and VRG appealed.  The Second Circuit vacated my decision and remanded the case so that I could decide whether the parties agreed to an arbitration clause that clearly and unmistakably entrusted questions of arbitrability to the Arbitral Tribunal rather than to the court. For the following reasons, the petition to confirm the arbitration award is denied.

Background

  VRG is a subsidiary of Gol Linhas Aereas Inteligentes S.A. ("Gol"), a Brazilian airline, and is based in Brazil. MatlinPatterson is a New York based private equity firm.  Gol, through a subsidiary, GTI, acquired VRG in 2007 from two of MatlinPatterson's indirect subsidiaries, Varig Logistica S.A. and Volo do Brasil S.A., via a Share Purchase and Sale Agreement ("the Agreement").  The Agreement, which is written in Portuguese, was signed on March 28, 2007 by all of the aforementioned parties except MatlinPatterson.

2

Several Addenda to the Agreement were also executed, including Addendum 5, which MatlinPatterson did sign. This one page document, also signed by GTI and Gol, stated that MatlinPatterson agreed not to compete with VRG or to invest in any of its competitors in the passenger airline market for three years. While Addendum 5 did not mention arbitration, the parties dispute whether the signatories to Addendum 5 somehow incorporated by reference the agreement to arbitrate contained in Section 14 of the Agreement (which MatlinPatterson did not sign).

In December 2007, a disagreement over an adjustment to the purchase price caused VRG to refer the dispute to arbitration, naming MatlinPatterson as a party. The Arbitral Tribunal ruled that MatlinPatterson had agreed to arbitration and that its agreement to arbitrate encompassed the parties' dispute over the purchase price. After a hearing on the merits of that dispute, in September 2010 the Tribunal issued an award holding MatlinPatterson liable for damages from fraudulent misrepresentation during the sale of VRG.

In January 2011, VRG filed a petition to confirm its foreign arbitral award against MatlinPatterson in this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 207. MatlinPatterson argued that the Arbitral Tribunal lacked jurisdiction over its dispute

3

with VRG and I agreed, finding that even if MatlinPatterson had agreed to arbitrate disputes over its non-compete agreement with VRG (an issue I did not reach, instead assuming its premise for the sake of argument), it had not agreed to arbitrate an entirely different issue (the purchase price) arising under an agreement it did not sign (the Agreement).

VRG appealed, and the Second Circuit vacated and remanded the decision. In so doing, the Second Circuit explained that this Court must resolve the initial inquiry of "whether the parties . . . clearly and unmistakably committed to arbitrate questions regarding the scope of their arbitration agreement." VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P., 717 F.3d 322, 326 (2d Cir. 2013).

## Discussion

The present inquiry is simplified by the Second Circuit's holding in Shaw Group Inc. v. Triplefine Int'l. Corp., 322 F.3d 115 (2d. Cir. 2003), which instructed that "an arbitration clause subjecting disputes to the rules and procedures of the ICC International Court of Arbitration clearly and unmistakably commits to arbitration any questions about the arbitrability of particular disputes." MatlinPatterson, 717 F.3d at 326 (citing Shaw, 322 F.3d at 122). As the Second Circuit explained, "Section 14 of the Agreement does exactly this." Id. Thus, if MatlinPatterson agreed to the terms of Section 14, the Second

4

Circuit's precedent "compels the conclusion that MatlinPatterson thereby clearly and unmistakably committed questions of scope to the arbitrators." Id. at 327. On the other hand, "[i]f . . . the district court determines that MatlinPatterson did not agree to the terms of Section 14, no further analysis would be necessary." Id. This finding would "compel the denial of VRG's petition to confirm the award on the grounds that MatlinPatterson never consented to submit disputes — whether about arbitrability or anything else — to arbitration." Id.

    Upon careful review of all the relevant documents, it is clear that MatlinPatterson did not agree to the terms of Section 14 of the Agreement. MatlinPatterson signed only an Addendum to that Agreement which explicitly spells out the single obligation MatlinPatterson was prepared to assume. The plain language of the contracts is unambiguous: Addendum 5 refers only to the non-compete provision of the Agreement contained in Clause 11.1 and restates that clause in its entirety in the text. No language within Addendum 5 purports to obligate MatlinPatterson, a non-party to the Agreement, to all the other provisions contained therein. Thus, MatlinPatterson did not agree to the arbitration clause contained in the Agreement, and in accordance with the Second Circuit's remand instructions, this finding "compel[s] the denial of VRG's petition to confirm the award." Id.

This finding is in accordance with this Court's holding in Zimring v. Coinmach Corp., No. 00 Civ. 8111(LMM), 2000 WL 1855115 (S.D.N.Y. Dec. 19, 2000).  In Zimring, the buyer under a purchase agreement (which contained an arbitration clause) sought to compel the owner of the seller company to arbitrate claims in his individual capacity, alleging that he breached the agreement not to compete.  Id. at *1.  While the seller, Zimring, had signed the purchase agreement both on behalf of the seller and in his individual capacity, the signature block where he signed individually contained a footnote providing that he signed "only for purposes of Section 11.3 and Article IX hereof," the provisions containing the agreement's non-compete and confidentiality terms.  Id.  The court determined that Zimring had not clearly and unmistakably delegated to arbitration the issue of whether Defendant's claims against Plaintiff were arbitrable because "Zimring limited his individual signature to two portions of the . . . [purchase agreement] . . ., neither of which encompassed the arbitration clause."  Id. at *2.  Similarly, MatlinPatterson elected not to sign the Agreement containing the arbitration clause and instead limited its signature to the non-compete provisions referenced and fully restated in Addendum 5.

**CONCLUSION**

Because MatlinPatterson did not consent to the arbitration clause contained in the Agreement, Petitioner's motion to confirm the arbitration award is denied.

SO ORDERED.

Dated:   New York, New York
         October 2, 2014

                                        S/_____
                                          MIRIAM GOLDMAN CEDARBAUM
                                          United States District Judge